DLD-124                                                       NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1432
_____

IN RE: AMIN A. RASHID,
                                                     Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the
Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 08-cr-00493-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 25, 2011

Before:  BARRY, FISHER and ROTH, Circuit Judges

(Opinion filed: May 4, 2011 )
_____

OPINION
_____

PER CURIAM.

      Amin A. Rashid, a federal pre-trial detainee, has filed a pro se petition for a writ of

mandamus under 28 U.S.C. § 1651 seeking to compel the United States District Court for

the Eastern District of Pennsylvania to order his release on bail.  Rashid alleges that the

Honorable Cynthia M. Rufe, who is presiding over the pending criminal case against him,

has "disavowed" jurisdiction and failed to rule on numerous pending pre-trial motions,

including one in which Rashid claims that his rights under the Speedy Trial Act have

been violated.  Because Rashid believes that he has not been brought to trial in compliance with the Speedy Trial Act, he argues that he is entitled to a writ of mandamus ordering his release on bail under 18 U.S.C. § 3164(c).

Mandamus is a drastic remedy available in extraordinary circumstances only.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  The petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances."  Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks omitted).

Rashid fails, for at least two reasons, to meet the requirements for issuance of the writ.  First, in a prior mandamus proceeding filed in this Court in connection with this criminal case, Rashid filed a motion seeking the same relief that he seeks here -- an order directing the District Court to modify his pre-trial detention in light of an alleged Speedy Trial Act violation.  See C.A. No. 10-3484 (motion filed 11/4/10).  We denied the motion on December 14, 2010.  Rashid's resubmission of this request for relief, styled now as a separate mandamus proceeding, provides no ground for revisiting our previous order.

Second, Rashid's assertion that the District Court has failed to exercise jurisdiction is unsupported.  The submissions accompanying Rashid's mandamus petition reflect that Judge Rufe declined to rule on pending pre-trial motions while Rashid's interlocutory

2

appeal and mandamus petition were pending.[1]  This decision to await the outcome of

appellate court proceedings is not "tantamount to a failure to exercise jurisdiction"

warranting mandamus relief.  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).[2]

Accordingly, we will deny the mandamus petition.  As Rashid no longer has any

proceedings pending before this Court, it would appear that the District Court may now

adjudicate the pre-trial motions, including Rashid's claims under the Speedy Trial Act.

We are confident that the District Court will address the pending pre-trial motions

without undue delay.  Rashid's request that we exercise supervisory authority to reassign

his criminal case to a different district judge is denied.

---

[1] On May 4, 2010, Rashid filed an interlocutory appeal from an order denying his motion to dismiss the indictment as defective.  This Court dismissed the appeal for lack of jurisdiction, and we denied rehearing en banc on August 31, 2010.  See C.A. No. 10-2308.  The United States Supreme Court denied certiorari review on November 29, 2010.  In his previous mandamus proceeding, filed on August 19, 2010, Rashid sought to compel Judge Rufe's recusal.  We denied the mandamus petition and later denied rehearing on December 2, 2010.  See C.A. No. 10-3484.

[2] We note, as well, that the Speedy Trial Act excludes delay resulting from "any interlocutory appeal."  18 U.S.C. § 3161(h)(1)(C).  This Court has explained that "section 3161(h)(1)[(C)] has never been interpreted to apply *only* to interlocutory appeals that deprive the district court of jurisdiction," and where "the district court is faced with an interlocutory proceeding in the court of appeals which potentially could affect the trial, we believe the time consumed is excludable for Speedy Trial Act purposes despite the fact that it may have jurisdiction to proceed."  United States v. Tyler, 878 F.2d 753, 758 n.2 (3d Cir. 1989).  Thus, even assuming, arguendo, that Rashid is correct that the District Court retained jurisdiction while his appeal and mandamus proceeding were pending, it does not follow that the District Court's action (or inaction) affected Rashid's rights under the Speedy Trial Act.